IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EYUP CAN ASLAN,
Petitioner,
v.
ANDRE QUINONES, Acting Field Office Director, Seattle Field Office, United States Immigration and Customs Enforcement; *et al*.,
Respondents.

No. 2:26-CV-04357-SAB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Basak B. Arisliel and Ariel S. Bailey. Respondents are represented by Michelle R. Lambert.

Petitioner is a citizen of Türkiye who entered the United States and was released under an Order of Release on Recognizance in 2022. Petitioner asserts he was re-detained by ICE without prior notice or an opportunity to be heard. Petitioner requests the Court order his immediate release from custody, asserting his underlying re-detention failed to comply with due process requirements.

The Court issued a scheduling order instructing Respondent to "show cause why the writ of habeas corpus should not be granted." Respondents filed an "abbreviated return" requesting only "that this Court decide whether a writ should

be granted based on the Petition and related filings." The abbreviated return does not contain legal argument or any factual assertions.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal… we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id*. at 375–76 (citation modified).

Although the Government has full access to the relevant facts concerning Petitioner's detention, it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it could have made. *Id*. (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229 SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also Id.*

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. No conditions of release may be imposed beyond those included in Petitioner's prior supervision terms.

4. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

5. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 20th day of November 2026.

Stanley A. Bastian
United States District Judge